**Virginia GRAF, Appellant,**

v.

**HARRIS COUNTY, TEXAS, Appellee.**

**No. 01–92–01251–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1994.

Paul J. Smith, Houston, for appellant.

Mike Driscoll, Barbara Toby Baruch, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

This case involves the issue of premise defects and special defects under the Tort Claims Act. We deny the motion for rehearing, but we withdraw our earlier opinion and issue this in its stead.

Virginia Graf, the appellant here and the plaintiff below, tripped on a step at the Mercer Arboretum, a Harris County park, and sued for damages. The trial court granted summary judgment for Harris County. We affirm.

### Facts

On November 30, 1986, while walking on a path at the Mercer Arboretum and observing a water fountain in the lily pond, the plaintiff fell on a step, injuring her left side and ankle. She sued the County for damages, alleging it was grossly negligent in failing to make the step less hazardous, knowing others had tripped there before, and in failing to warn.

The County filed an answer stating a number of defenses, including governmental immunity under TEX.CIV.PRAC. & REM.CODE § 101.022 (Vernon 1986) of the Texas Tort Claims Act, and landowner immunity under TEX.CIV.PRAC. & REM.CODE § 75.002 (Vernon Supp.1994). The County then filed a motion for summary judgment on both grounds. The trial court granted the County's motion for summary judgment without stating a specific reason.

On appeal, the plaintiff contends summary judgment was not proper because the evidence was presented that before the plaintiff's fall, the County was aware of the hazardous nature of the step and did not take any action to correct it. The County argues that as the plaintiff was in the park for recreation and no admittance fee was charged, it had no duty to warn or make its property safe.

### Summary Judgment

In her sole point of error, the plaintiff contends the trial court erred in granting Harris County's motion for summary judgment. A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). In reviewing the granting of a motion for summary judgment, we assume all evidence favorable to the nonmovant is true and indulge every reasonable inference for the nonmovant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

### A.

### Landowner Liability—section 75.002

The plaintiff contends that TEX.CIV. PRAC. & REM.CODE § 75.002 does not apply to shield a governmental entity from liability. The plaintiff is correct. In *City of Dallas v. Mitchell,* 870 S.W.2d 21 (1994), the Supreme Court held that section 75.002 is a law of general application to all landowners, and that section 101.022(a) is a specific law applicable to government landowners.[1] When two statutes conflict, the specific controls over the general. *Mitchell,* 870 S.W.2d 21. Section 75.002 does not apply to governmental entities because the standard of care owed to recreational users on government property is specified in section 101.022 of the Texas Tort Claims Act.

The summary judgment cannot be sustained on the ground of liability under section 75.002.

### B.

### Tort Claims Act—Duty to a licensee

The plaintiff contends Harris County is liable to her for gross negligence under section 101.022 of the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE § 101.022. Under section 101.022, the plaintiff makes three ar-

---

1. In *Mitchell,* the Supreme Court overruled this Court's opinion in *Martinez v. Harris County,* 808 S.W.2d 257, 258 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

guments: first, the County charged an admission fee by selling plants, and thus is liable for ordinary negligence; second, the County was grossly negligent; third, the step was a special defect.

The County's duty in this case is determined under section 101.022 of the Tort Claims Act, which provides:

> (a) If a claim arises from a **premises defect,** the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

> (b) The limitation of duty in this section shall not apply to the duty to warn of **special defects** such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX.CIV.PRAC. & REM.CODE § 101.022 (emphasis added).

In the case of *State Department of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex. 1991), the Supreme Court distinguished a "premises defect" from a "special defect" under the Texas Tort Claims Act. In that case, the plaintiff, while walking from his house to a deer blind, stepped off of a culvert while crossing a public road, fell into a drainage ditch, and suffered personal injuries. Although the plaintiff was familiar with the culvert, he claimed that he did not see where it ended because the edge was obscured by the vegetation and there was no reflective marker. The plaintiff complained that the culvert was both a premise defect and a special defect; the State denied it was a defect of any kind. The Supreme Court disagreed and reversed the judgments of the lower courts and rendered judgment that the plaintiff take nothing. In doing so, the Supreme Court analyzed the differences between a premise defect and a special defect. (See chart at 838 S.W.2d 237).

■ The issue of whether a condition is a "premise" or "special" defect is one of duty and involves statutory interpretation; it is for the court to decide. *State v. Payne*, 838

S.W.2d at 238; *see also Blankenship v. County of Galveston*, 775 S.W.2d 439, 441–42 (Tex.App.—Houston [1st Dist.] 1989, no writ).

### 1. Premise defect and ordinary negligence under section 101.022(a)

■ Under section 101.022, when a claim is based on a "premise defect," a governmental unit is liable for ordinary negligence only if the plaintiff paid for the use of the premises. *State v. Payne*, 838 S.W.2d at 237 n. 1; *Brazoria Cty v. Davenport*, 780 S.W.2d 827, 828 (Tex.App.—Houston [1st Dist.] 1989, no writ). Under section 101.-022(a), the inquiry is whether the claimant (the plaintiff) paid for the use of the premises. The plaintiff has never contended she paid for use of the premises; her only argument is that some of the premises were used "for profit." Even if some of the Arboretum was used for profit, that does not satisfy the requirement in section 101.022(a) that the claimant pay for use of the premises.

### 2. Premise defect and gross negligence under section 101.022(a)

■ When a person does not pay for the use of the premises, under section 101.022(a), the County's only duty to that person is the same duty it has to licensees. A landowner's duty to a licensee is not to injure her willfully, wantonly, or through gross negligence. *State v. Payne*, 838 S.W.2d at 237; *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974).

■ The plaintiff relies on *Davenport* to support her argument that there was a material issue of fact regarding gross negligence that should have been presented to a jury. *Davenport* involved a pregnant woman who fell on a slippery Brazoria County sidewalk. This Court held there was an issue of fact whether Brazoria County was grossly negligent because it knew about a leak in a rusty pipe that caused water, slime, and mud to accumulate on a sidewalk next to the prenatal clinic. *Davenport*, 780 S.W.2d at 829.

This case is distinguishable from *Davenport*. The plaintiff does not contend that anything was wrong with the step, e.g., an accumulation of slime or water as in *Daven-*

*port.* The plaintiff said that she did not see the step because she was looking elsewhere.

A licensee cannot expect the landowner to warn her of conditions that are perceptible to her. *Lower Neches Valley Auth. v. Murphy,* 536 S.W.2d 561, 564 (Tex.1976); RESTATEMENT (SECOND) OF TORTS § 342 comment (f) (1965). The County's failure to mark the step with a sign is, at worst, negligence. It does not amount to a breach of the County's duty to the plaintiff—not to injure her willfully, wantonly, or through gross negligence. *Tennison,* 509 S.W.2d at 562.

We hold the plaintiff did not raise an issue of gross negligence under the Texas Tort Claims Act.

### 3. Special defect under section 101.-022(b)

The plaintiff argues there is a material issue of fact whether the condition of the premises constituted a "special defect" within the meaning of the statute.

The code does not define the term "special defect"; instead, it gives examples of what a special defect is—"such as excavations or obstructions on highways, roads or streets." TEX.CIV.PRAC. & REM.CODE § 101.-022(b). A special defect is one that is related to a roadway. *State v. Payne,* 838 S.W.2d at 238; *Payne v. City of Galveston,* 772 S.W.2d 473, 476-77 (Tex.App.—Houston [14th Dist.] 1989, writ denied). As we stated in *Blankenship,* about another case involving a step, the condition was certainly not an "excavation or obstruction" on a highway, road, or street, that constitutes a "special defect" under the express terms of the statute. *Blankenship,* 775 S.W.2d at 442.

We hold the step at the Arboretum was not, as a matter of law, a special defect. *State v. Payne,* 838 S.W.2d at 238; *Blankenship,* 775 S.W.2d at 442; *Payne v. Galveston,* 772 S.W.2d at 477.

Because there was no issue of material fact for a jury, we overrule the plaintiff's only point of error and affirm the summary judgment.