**T. Craig BARKER and Vicki Barker, Individually and as Next Friend of James Henry Barker, a Minor, Appellants,**

**v.**

**CITY OF GALVESTON and the Estate of Herman Holloway, Appellees.**

No. 01–94–00006–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1995.

Rehearing Overruled Oct. 26, 1995.

Mark W. Stevens, Galveston, for appellants.

George W. Vie, III, Galveston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

Appellants, T. Craig Barker and Vicki Barker, individually and as next friend of James Henry Barker, appeal a summary judgment in favor of appellees, the City of Galveston and Herman Holloway.[1] We affirm.

### Facts

On May 18, 1990, James Henry Barker, age six, was at the Harry T. Schreiber Park in Galveston on a supervised school outing. While playing at the park, he was struck on the head by a "flying animal" swing and suffered a depressed skull fracture.

The plaintiffs, James's parents, sued the City and Holloway,[2] who was then director of the Parks and Recreation Department for the City, for negligence, premise and special defect liability, negligent infliction of emotional distress, and bystander liability. Specifically, the plaintiffs alleged the City and Holloway were negligent in their use of tangible personal property by selecting and continuing to use the flying animal swings; by failing to read and circulate the manufacturer's safety notice; and by failing to install clevis covers and front bumpers on the swings. They further alleged the swings, as premise defects, were dangerous and the City knew they were dangerous, and the swings were special defects under TEX.CIV. PRAC. & REM.CODE § 101.022.

The City and Holloway filed a motion for summary judgment. In their motion the City and Holloway raised defenses to some of the plaintiffs' causes of action and attacked the elements of other causes of action. The City raised the defenses of (1) governmental immunity, (2) limitation on liability for landowners under TEX.CIV.PRAC. & REM.CODE § 75.002(c),[3] and (3) immunity under the discretionary functions exemption under TEX. CIV.PRAC. & REM.CODE § 101.056. Holloway raised an immunity defense under the doctrine of qualified immunity and under TEX. CIV.PRAC. & REM.CODE § 101.106. The City and Holloway claimed the plaintiffs could not recover for negligent infliction of emotional distress after *Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993); for bystander liability under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM. CODE § 101.021; or for premise or special defects under TEX.CIV.PRAC. & REM.CODE § 101.022. The trial court granted the City and Holloway's motion for summary judgment and severed the causes of action against them from the causes of action against the manufacturer and distributor.

### Standard of review

■ Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant

---

1. Holloway died after suit was filed. Consequently, the case was transferred from district court to probate court.

2. The plaintiffs also sued Miracle Recreation *Equipment* Company, the manufacturer and distributor of the swingset, and Bill Wilson, a sales representative. However, they are not parties to the severed case on appeal.

3. Section 75.002 limits the liability of an owner, lessee, or occupant of real property that is used for recreational purposes except if the owner, lessee, or occupant is grossly negligent or acted with malicious intent or in bad faith.

is entitled to judgment as a matter of law. *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Randall's Food Markets,* 891 S.W.2d at 644; *Marchal,* 859 S.W.2d at 412. In our review, we assume all the evidence favorable to the nonmovant is true. *Randall's Food Markets,* 891 S.W.2d at 644; *Marchal,* 859 S.W.2d at 412.

A defendant is entitled to summary judgment if the defendant disproves at least one element of each of the plaintiff's causes of action as a matter of law. *Randall's Food Markets,* 891 S.W.2d at 644; *Marchal,* 859 S.W.2d at 412. A defendant is also entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *Boozier v. Hambrick,* 846 S.W.2d 593, 597 (Tex.App.—Houston [1st Dist.] 1993, no writ).

The trial court's order does not state the grounds on which summary judgment was granted; therefore, we will affirm the summary judgment if any of the theories advanced by the City and Holloway are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Under one point of error, the plaintiffs contend the trial court erred in granting summary judgment for the City and Holloway. The point of error is subdivided and attacks the individual grounds for summary judgment asserted by the City and Holloway. We will address each of the plaintiffs' arguments.

## A.

### The City's immunity defense under section 75.002

■ In the motion for summary judgment, the City asserted it was not liable for any negligence because the limitation on liability in TEX.CIV.PRAC. & REM.CODE § 75.002 applied. On appeal, the City no longer relies on section 75.002 because, after summary judgment was rendered, the Supreme Court decided *City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex.1994). In *Mitchell,* the court held § 75.002 does not apply to governmental entities because the standard of care owed to recreational users on government property is specified in § 101.002 of the Texas Tort Claims Act. *Id.; see also Graf v. Harris County,* 877 S.W.2d 82, 84 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

The summary judgment cannot be sustained on the ground asserted under § 75.002. Therefore, to succeed on appeal, the City must prevail on other grounds for summary judgment.

## B.

### Governmental immunity

The plaintiffs contend the City is not immune from suit because they are complaining of a premise and a special defect on City property. In its motion for summary judgment, the City asserted its immunity had not been waived under the Tort Claims Act in this case.

To the extent the Texas Tort Claims Act creates liability, the City's governmental immunity from suit was abolished. TEX.CIV. PRAC. & REM.CODE § 101.021. The Act provides, in part, that a governmental unit is liable for:

> (2) personal injury and death so caused by ***a condition or use of tangible personal or real property*** if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE § 101.021(2) (emphasis added). Thus, to state a cause of action under § 101.021(2), the plaintiffs must assert either that the property (the swingset) was defective or inadequate or that some use of the property caused the injury. *Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32 (Tex.

1983); *see also University of Tex. Med. Branch v. York,* 871 S.W.2d 175, 178 (Tex. 1994).

The Act sets out the duty owed by a governmental unit:

(a) If a claim arises from a *premise defect,* the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of *special defects* such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.60.

Tex.Civ.Prac. & Rem.Code § 101.022 (emphasis added).

 Whether a condition is a premise defect or a special defect is a question of duty involving statutory interpretation and thus is an issue of law for the court to decide. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992); *Graf,* 877 S.W.2d at 85.

### 1. Special defect theory

 The plaintiffs alleged the flying animal swingset is a special defect. If the swingset is a special defect, the City owed the plaintiffs the same duty to warn that a private landowner owes an invitee. Tex.Civ. Prac. & Rem.Code § 101.022(b); *Payne,* 838 S.W.2d at 237. That duty requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware. *Payne,* 838 S.W.2d at 237.

We hold the swingset is not a special defect under Tex.Civ.Prac. & Rem.Code § 101.022(b). Special defects are excavations or obstructions on highways, roads, or streets. *Payne,* 838 S.W.2d at 238–39; *Graf,* 877 S.W.2d at 86; Tex.Civ.Prac. & Rem.Code § 101.022(b). These examples in the statute all present an unexpected and unusual danger to ordinary users of roadways. *Payne,* 838 S.W.2d at 238. Thus, conditions can be special defects only if they pose a threat to the ordinary users of a roadway. *Id.; Graf,* 877 S.W.2d at 86. Obviously, a swingset in a municipal park is not like an excavation or obstruction on a roadway, and therefore, is not a special defect under Tex.Civ.Prac. & Rem.Code § 101.022(b). *Payne,* 838 S.W.2d at 238; *Graf,* 877 S.W.2d at 86.

We uphold the City's summary judgment on this ground.

### 2. Premise defect theory

 The plaintiffs alleged the swingset is a premise defect. Under § 101.022, when a claim is based on a "premise defect," a governmental unit is liable for ordinary negligence only if the plaintiff paid for the use of the premises. *Graf,* 877 S.W.2d at 85. The plaintiffs do not contend they paid for the use of the premises; therefore, the City is not liable for an ordinary negligence claim.

 For premise defects, the City owes the same duty a private landowner owes a licensee. Tex.Civ.Prac. & Rem.Code § 101.022(a); *Payne,* 838 S.W.2d at 237. A landowner's duty to a licensee is not to injure her willfully, wantonly, or through gross negligence. *Payne,* 838 S.W.2d at 238; *Graf,* 877 S.W.2d at 85. However, the owner has a duty either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.[4] *Payne,* 838 S.W.2d at 238.

The City contends its summary judgment evidence shows it did not have actual knowl-

---

4. The plaintiffs must prove (1) a condition of the premises, *i.e.,* the swingset, created an unreasonable risk of harm to the licensee; (2) the City actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the City failed to exercise ordinary care to protect the licensee from danger; and (5) the City's

edge of the dangerous condition; therefore, it had no duty to warn or make safe. The City also contends the swingset did not create an unreasonable risk of harm; therefore, it did not breach any duty.

■■■■ The summary judgment evidence shows when the City ordered new flying animal swing sets in 1988, the swings came with rear clevis covers that were installed by the City at the time. Some older swing sets did not have covers on them at the time of the accident. In the plaintiffs' response to summary judgment, they assert there is some evidence that James was injured by an old swing and some evidence he was injured by a newer one with the protective cover. There is no evidence in the record as to which set injured James. However, the plaintiffs, in their response to the motion for summary judgment, attached deposition excerpts from their expert, Professor Joe Frost, who testified the type of swingset was unreasonably dangerous. He testified the design and weight of the swing makes the likelihood of contact and injury unacceptably high. He did not distinguish the swings with covers from those without covers; his position was the danger was in the design and weight of the swing. He said that no reasonable measures could have been taken to prevent the swings from being hazardous.

This evidence is sufficient to raise a fact issue that the type of swingset, regardless of whether covers were installed or not, was dangerous. However, the duty to warn of a dangerous condition arises only when the owner knows of the condition likely to cause injury. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Harris County v. McFerren*, 788 S.W.2d 76, 78 (Tex.App.—Houston [1st Dist.] 1990, no writ). Actual knowledge rather than constructive knowledge of the dangerous condition is required. *Tennison*, 509 S.W.2d at 562; *McFerren*, 788 S.W.2d at 78.

Holloway testified in his deposition that James's accident was the only injury from

the swings he knew about. There were no reports of other children injured by the flying animal swings. He testified that he drove by the City's parks once every week or so and sometimes got out to inspect them. His maintenance crew inspected the parks twice a week. This summary judgment evidence shows the City did not have actual knowledge that the swings were dangerous.

The plaintiffs argue, however, that the summary judgment evidence raises a fact issue on whether the City knew of the swing's dangers. They attached, as part of their controverting summary judgment proof, deposition excerpts of Bill Wilson, the sales representative who distributed the swingsets. Attached to his deposition as an exhibit is a safety notice sent by the manufacturer to its customers. In the safety notice, the manufacturer informed customers of the remedial action it was taking to correct potential safety hazards of the flying animal swings. The notice instructs customers to install rear clevis covers on all flying animal swings and front bumpers on those made of plastic.

While this is evidence that the manufacturer gave notice of the need to use the clevis covers, it is not notice that the swings were dangerous even without the covers. The plaintiff's expert did not testify that the clevis covers affect the safety of the swings; they were inherently dangerous because of their weight. In addition, Holloway testified in his deposition that he asked his playground crew leader if he had seen the safety notice, and he told Holloway that he had not.

Holloway testified he asked his maintenance crew leader if he knew some swings did not have covers installed, and the crew leader told him he did. Holloway testified he did not realize until after the accident that some swings did not have the covers installed.[5] This evidence shows the City may have known some swings did not have clevis covers on them, but does not show it had actual knowledge that the swings were dangerous.

---

failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237.

5. He testified:

Q. *Did you notice the new swings had been in place.*
A. *Oh, yes.*

The plaintiffs argue the mere fact the City received clevis covers and its maintenance crew installed some immediately after receiving them raises a fact issue on actual knowledge. We disagree. Perhaps this evidence raises a fact issue regarding constructive knowledge of the need for covers, that is, the City should have known the swings were dangerous when they received the covers. However, the evidence falls short of raising a fact issue that the City had actual knowledge the swings were dangerous because of their weight and design and did nothing to make them safe.

Lastly, the plaintiffs argue the City had actual knowledge the swings were dangerous because Holloway testified that wooden swings over the years became dangerous and were replaced by ones with rubber seats. They contend if the City or Holloway knew wooden swings were dangerous, then they knew the flying animal swings were also dangerous. Again, perhaps this is evidence of constructive notice, that is, the City should have known the animal swings were dangerous because they knew wooden ones were dangerous. However, it is not evidence of actual notice. The plaintiffs did not raise a fact issue on the duty owed them by the City for premise defects.

We uphold the summary judgment on this ground.

> Q. And you saw the Clevis covers [on] them, didn't you?
> A. Yes. I wasn't—I didn't actually cut my mind concentrate [sic] on the Clevis covers. *I can't say I sat there and said the Clevis covers are on the equipment. It was new equipment and I looked at it as such and the detailed information got by me.*
> Q. Whether you noticed it or not, it was apparent to you or could have been apparent to you that the Clevis covers were on the new set but not on the old set?
> A. Right.
> Q. That went on for something over a year?
> A. *I didn't realize that until after the accident* because we went out to check the wear. In other words, I wanted to be sure they had been there for awhile and they were worn.
> . . . .
> Q. *You have no information there were ever Clevis covers on the northern most set of swing sets at Schreiber Park before this incident?*
> A. *Correct.*

### 3. Use of tangible property

The plaintiffs alleged the City was negligent in its use of tangible personal property under Tex.Civ.Prac. & Rem.Code § 101.021(2), by (1) selecting and continuing to use the swings; (2) not reading and circulating the safety notice supplied by the manufacturer; and (3) not installing clevis covers and front bumpers on the swings.

The first claim, that the City was negligent in using the swings in its parks, is a premise defect allegation and is discussed above.[6] The plaintiffs' second claim must fail simply because there is no evidence that the City received or knew of the manufacturer's safety notice. The summary judgment evidence shows that City employees, Holloway and the maintenance crew leader, were not aware of the safety notice.

In their third claim, the plaintiffs allege the City was negligent by failing to install the clevis covers and front bumpers on the swings. There is no summary judgment evidence that James was injured by a swing without a clevis cover. The plaintiffs' summary judgment evidence was that, with or without the clevis covers or the bumpers, the swings were defective because of their design and weight, and it was the weight of the swing that caused injury to James. There-

6. To allege a claim involving the "condition" of property, it is sufficient to allege that defective or inadequate property contributed to the injury. *Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32 (Tex.1983); *Bossley v. Dallas County Mental Health and Mental Retardation,* No. 05–91–00284–CV, slip op. at 8, —— S.W.2d ——, —— (Tex.App.—Dallas February 17, 1995, n.w.h.). To state a claim involving the "use" of nondefective property, a party must allege the property was used or misused by an employee acting within the scope of employment so as to cause injury. *Bossley,* at ——. The plaintiffs allege that the swing by design is defective and caused James's injury; the plaintiffs, therefore, adequately stated a claim involving the "condition" of tangible personal or real property. *See* Tex. Civ.Prac. & Rem.Code Ann. § 101.021(2). The plaintiffs' claim is not, however, that a City employee used or misused the nondefective swings in a manner that caused James's injury.

fore, the issue is not whether lack of the clevis covers or bumpers support a claim for negligence under the Tort Claims Act, because that theory of liability was negated by the plaintiffs' evidence. The plaintiffs' only theory of liability is a premise defect theory.

We uphold the City's summary judgment.

### 4. Discretionary powers

■ The City moved for summary judgment contending its discretionary decisions are protected under the Tort Claims Act.

A governmental unit, such as the City, is not liable for its discretionary acts under § 101.056, which provides:

This chapter does not apply to a claim based on:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX.CIV.PRAC. & REM.CODE § 101.056. Whether the City's actions fall within its discretionary power, so that waiver of immunity under the Tort Claims Act does not apply, is a question of law for the court to determine. *Hur v. City of Mesquite*, 893 S.W.2d 227, 235 (Tex.App.—Amarillo 1995, n.w.h.); *McKinney v. City of Gainesville*, 814 S.W.2d 862, 867 (Tex.App.1991).

We need not address this ground for summary judgment because we are upholding the City's summary judgment on the ground they are not liable under TEX.CIV.PRAC. & REM.CODE ANN. § 101.021.

### C.

### Holloway's immunity defenses

In the motion for summary judgment, Holloway raised two separate immunity defenses: official immunity and immunity from suit under TEX.CIV.PRAC. & REM.CODE § 101.106. The plaintiffs contend that neither of these defenses offer protection to Holloway from suit.

### 1. Official immunity

■ Official immunity is an affirmative defense.[7] *Chambers*, 883 S.W.2d at 653; *Boozier*, 846 S.W.2d at 597. As we stated earlier, it is Hooloway's burden to prove all the elements of its affirmative defense as a matter of law. *Chambers*, 883 S.W.2d at 653.

■ Government officials are entitled to official immunity from suits arising out of the performance of their (1) discretionary duties (2) in good faith as long as they are (3) acting within the scope of their authority. *Chambers*, 883 S.W.2d at 653; *Boozier*, 846 S.W.2d at 597. The policy judgment reflected by the doctrine protects those governmental officials from suit even if they act negligently.[8] *Chambers*, 883 S.W.2d at 655.

In their response to summary judgment and on appeal, the plaintiffs contend Holloway did not prove he was performing discretionary duties. The plaintiffs contend Holloway's failure to install safety pads or failure to remove dangerous equipment, *i.e.*, the swingsets, were ministerial duties, and therefore, he is not entitled to official immunity.

■ If an act involves personal deliberation, decision, and judgment, it is discretionary. *Chambers*, 883 S.W.2d at 654; *Albright v. Department of Human Serv.*, 859 S.W.2d

---

7. The terms qualified, official, and quasi-judicial immunity are for all practical purposes the same. *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n. 1 (Tex.1993); *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 n. 2 (Tex.1992) (Cornyn, J., concurring).

8. We distinguish official immunity, which protects individual officials from liability, from gov-

ernmental immunity, which protects governmental entities from liability. *Kassen*, 887 S.W.2d at 8. If a plaintiff has a cause of action against the government due to the state's waiver of governmental immunity, this right is not affected by whether a government employee has official immunity. *Id.*

575, 579 (Tex.App.—Houston [1st Dist.] 1993, no writ). If an act is such that the actor has no choice, when the law prescribes and defines the duties to be performed with such precision as to leave nothing to the exercise of discretion or judgment, it is ministerial. *Chambers,* 883 S.W.2d at 654; *Albright,* 859 S.W.2d at 579. Thus to determine whether an act is ministerial or discretionary involves searching for a law or regulation controlling the acts of the official in a particular situation. *Harris County v. DeWitt,* 880 S.W.2d 99, 101 (Tex.App.—Houston [14th Dist.] 1994), *aff'd,* 904 S.W.2d 650 (1995).

In his deposition, Holloway testified his department and he, as director, made recommendations to the City council regarding recreational equipment for the City's parks. The City council then had final purchasing authority. This Court has held that investigating and acting on gathered facts is a discretionary function. *Albright,* 859 S.W.2d at 579. We hold the decisions and recommendations made by Holloway were discretionary acts. Thus, he is immune from any claim that he was negligent in selecting or retaining the flying animal swingset.

The plaintiffs claim the installation of clevis covers was a ministerial act and by failing to install the covers, Holloway is not protected by official immunity. We disagree. There is no summary judgment evidence that Holloway knew the clevis covers needed to be installed. There is also no evidence that he was the employee responsible for park maintenance. The evidence shows the City had a park maintenance crew of two employees; Holloway was the director of the parks and recreation department and not one of the maintenance personnel. Moreover, there is no law that prescribes and defines Holloway's duties regarding park equipment, so that those duties be performed with such precision as to leave nothing to the exercise of discretion. *See Chambers,* 883 S.W.2d at 654; *see also Murillo v. Garza,* 881 S.W.2d 199, 201 (Tex.App.—San Antonio 1994, no writ) (city traffic engineer's decision not to place traffic light at intersection was discretionary).

The only issue left to resolve is whether Holloway was acting in good faith.[9] To determine whether Holloway acted in good faith, we will balance the competing interests of the respective parties and the public. *Albright,* 859 S.W.2d at 578. The test is one of objective legal reasonableness, without regard to whether the government official acted with subjective good faith. *Chambers,* 883 S.W.2d at 656. We must look to whether a reasonable government official, under the same or similar circumstances, could have believed his or her acts were justified. *See id.* To controvert the summary judgment proof on good faith, the plaintiffs must show that no reasonable person in Holloway's position could have thought the facts were such that they justified his acts. *Id.* at 657.

Holloway testified that James's accident was the only injury from the swings that he knows about and that there are no reports of other children injured by the flying animal swings. Holloway did not know that there were safety concerns with the swings and did not know about the clevis covers. Holloway was the director of the parks department, not the employee responsible for park maintenance. He made recommendations to the City council regarding recreational equipment; there is no evidence that he did so in bad faith. The summary judgment evidence shows Holloway acted in good faith. The plaintiffs did not controvert this evidence and show that no reasonable person in Holloway's position could have believed his acts were justified. *Chambers,* 883 S.W.2d at 657.

We uphold the summary judgment as to Holloway on his official immunity defense.

### 2. Immunity under § 101.106

Holloway raised a second immunity defense in the motion for summary judgment.

9. The plaintiffs did not challenge whether Holloway was acting in the scope of his authority.

He contended that, if summary judgment in favor of the City was granted (and upheld on appeal), he was not liable under TEX.CIV. PRAC. & REM.CODE § 101.106. That section provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Because we hold that Holloway is immune from liability under the official immunity doctrine, we need not address this ground for summary judgment.

### D.

### Negligent infliction of emotional distress

The plaintiffs concede that the tort of negligent infliction of emotional distress does not exist in Texas. *Boyles v. Kerr,* 855 S.W.2d at 597. Summary judgment was proper on this cause of action.

We uphold the summary judgment on this ground.

### E.

### Bystander recovery

The plaintiffs contend that the City is not immune from the claim for emotional distress damages of Vicki Barker, James's mother, as a bystander because that cause of action is viable in Texas. *Boyles,* 855 S.W.2d at 597. However, governmental immunity to suit is only waived and abolished to the extent of liability created by the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE § 101.025. We have discussed at length the City's liability under § 101.021 and conclude that governmental immunity is not waived for the purposes of a bystander claim.

We uphold the summary judgment on this ground.

### Conclusion

We affirm the trial court's judgment.

OLIVER–PARROTT, Chief Justice, dissenting.

I respectfully dissent.

The plaintiffs alleged the City was negligent, under TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986), in its use of tangible personal property by selecting and continuing to use the swings in the City park. The majority holds that summary judgment was properly granted against this claim because it was the condition of the swing, and not its use, that caused James's injury. I disagree.

Section 101.021(2) provides that a governmental unit is liable for personal injury or death caused by a condition or use of tangible personal or real property. I agree that the plaintiffs alleged a cause of action regarding the condition of the property. The plaintiffs alleged the swings were defective or inadequate, and the defective condition caused James's injury. *See Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32 (Tex. 1983). However, I also think the plaintiffs properly alleged that the *use* of the swings by the City in its parks caused James's injury. Children were allowed to use the swings without supervision and in such a way as to allow unfettered access to the dangerous area behind the swings when they were in use. The plaintiffs stated a cause of action that in my opinion should survive summary judgment when they alleged that the City improperly used or placed the swings in its public parks, whether the swings were defective in themselves or not, and that one of those swings injured James.

This case involves a serious injury to a child. The pleadings permissibly include alternate theories of recovery, and the response to the summary judgment clearly raises a fact issue as to one of the theories. The plaintiffs deserve to have their case heard on the merits.

Therefore, I would reverse the summary judgment on this issue and remand the case to the trial court.