HERMANN HOSPITAL, Intervenor, and the City of Houston, Appellants,

v.

Margarita MARTINEZ and Jose Martinez, individually and a/n/f of Vanessa Martinez and Edgar Martinez, Minors, Appellees.

No. 14–97–00609–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 15, 1999.

Rehearing Overruled May 6, 1999.

Gene L. Locke, Gail Magers, Mike Johnston, Andrea Chan, Houston, for appellants.

Terry Lea Elizondo, Angel Fraga, Tanya E. Wilder, Richard J. Plezia, David P. Matthews, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, FOWLER, and DRAUGHN.*

## OPINION

JOE L. DRAUGHN, Justice.

This is a personal injury case. The principal issues presented are whether: (1) the Texas Tort Claims Act [1] ("TTCA") permits a cause of action for bystander injuries; (2) bystander injuries are separate or derivative claims; (3) the TTCA contains a provision permitting a parent to recover past medical expenses of a minor; and (4) a hospital lien may be enforced against a

---

* Senior Justice Joe L. Draughn sitting by assignment.

1. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.001–101.109 (Vernon 1997).

minor child's monetary judgment. We affirm in part and modify in part.

## I. Background

In December 1994, Margarita Martinez was driving her automobile on Eldridge Parkway in Houston. Her two children, Vanessa and Edgar, were passengers. Their automobile was struck by a service vehicle being operated by an employee of the City of Houston ("City"). As a result of the collision, Edgar sustained serious personal injuries, including the loss of the use of his left eye. Margarita and Vanessa received relatively minor personal injuries.

The Martinez family sued the City under the TTCA for their personal injuries and property damage. The City entered into a stipulation concerning liability for causing the accident. The action proceeded to trial on the issue of damages, only. Hermann Hospital intervened in the suit. Hermann Hospital sought to protect its lien for medical expenses totaling $58,748.96 incurred for the treatment of Edgar. The parties to the suit stipulated that the lien was for reasonable and necessary medical expenses relating to Edgar's treatment.

The jury awarded damages in the sum of $1,083,500 to Edgar, $2,500 to Vanessa, and $97,000 to Margarita. The family also received $2,200 as compensation for property damage. The jury also awarded Jose Martinez (father) and Margarita the sums of $106,400 and $2,018 for medical expenses incurred by Edgar and Vanessa, respectively.

Due to limitations on the amount of monetary damages recoverable from governmental entities, the trial court modified the jury's award in an amended final judgment.[2] It remitted Edgar's award to $250,000, disallowed recovery to Jose and Margarita for medical expenses incurred by Edgar and Vanessa, and it found that

the hospital lien did not attach to the judgment.

### Bystander Injury

■ The City avers that the trial court erred in permitting Margarita and Vanessa to recover monetary damages from the City for bystander injuries.[3] The City contends that section 101.021 of the TTCA does not waive governmental immunity for bystander claims. A governmental unit in Texas is liable for the following:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law....

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997).

■ Concerning "bystander" injuries, a bystander who witnesses a negligently inflicted serious or fatal injury may recover for mental anguish if: (1) the bystander was located near the scene of the accident as contrasted with one who was a distance away from it; (2) the shock resulted from a direct emotional impact upon the bystander from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the bystander and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *Edinburg Hosp. Authority v. Trevino*, 941 S.W.2d 76, 80 (Tex. 1997); *Freeman v. City of Pasadena*, 744 S.W.2d 923, 924 (Tex.1988); *see also*

---

2. *See* TEX. PRAC. & CIV. REM.CODE ANN. § 101.023 (Vernon 1997).

3. The jury awarded $85,000 to Margarita and $1,000 to Vanessa for "bystander" injuries. *See Ford Motor Co. v. Miles*, 967 S.W.2d 377, 384 (Tex.1998).

*Boyles v. Kerr,* 855 S.W.2d 593, 597–98 (Tex.1993).

Here, Margarita and Vanessa were involved in the same accident as Edgar and personally observed Edgar's severe injuries. They are immediate family members of Edgar and underwent extensive counseling and therapy for mental distress. The City argues, however, that governmental immunity for bystander injuries was not waived in this case. In support of its argument, the City relies upon *Barker v. City of Galveston,* 907 S.W.2d 879, 889 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

*Barker* involved the interpretation of section 101.021(2) for governmental liability for tangible property owned by a municipality, and the court held that the plaintiffs could not recover for personal or bystander injuries because they could not prove the city was negligent. *See Id.* at 886–87. In other words, the court concluded that the bystander could not recover because of insufficient proof of the city's liability for the victim's injury. *See id.; see also Boyles,* 855 S.W.2d at 598 ("Before a bystander may recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the primary victim."). In instant case, the City stipulated its employee was negligent while acting within the scope of his employment and that his negligence was the proximate cause of the Martinez family's injuries. Thus, *Barker* is inapplicable to the facts presented in this case.

The City also relies on *Trevino. See* 941 S.W.2d 76. In *Trevino,* the court held a bystander could not recover in medical malpractice cases for policy reasons. *Id.* at 81. The court reasoned that some medical treatments may shock the senses of the ordinary bystander who witnesses it, and a bystander may not be able to distinguish between medical treatment that helps the patient and conduct that is harmful. *See id.* No such policy concerns exist here because the bystander claims made by Margarita and Vanessa were not based

upon medical malpractice, but, rather, an automobile accident which caused serious and permanent injuries to Edgar. *Trevino* provides no support for the City's position.

Further, two appellate courts have previously allowed bystander recovery under the TTCA. *See City of Austin v. Davis,* 693 S.W.2d 31, 34 (Tex.App.—Austin 1985, writ ref'd n.r.e.) (holding that a father could maintain a bystander cause of action for mental distress and physical injuries sustained in discovering his son's body at base of an airshaft); *Genzer v. City of Mission,* 666 S.W.2d 116, 122 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (holding that evidence supported the damages awarded to parents and grandparents of a deceased child on the basis of "bystander recovery" under the TTCA). We find Margarita and Vanessa qualified as bystanders and were entitled to recover damages from the City under the TTCA.

■■■ Alternatively, the City contends that even if we should find that Margarita and Vanessa could recover for bystander injuries, that their claims are derivative of the victim's recovery and are not separate bodily injuries under the TTCA. We note that section 101.023(c) provides liability of the municipality "is limited to money damages in the maximum amount of $250,000 ... *for each person for bodily injury* or death...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.023(c) (Vernon 1997) (emphasis added). The City asserts that Margarita's and Vanessa's respective bystander recoveries, if allowed, should have been subject to Edgar's recovery of $250,000 because their causes of action were dependent upon Edgar's successful claim for injuries under the TTCA. "Generally, mental anguish resulting from the loss of a loved one is not the basis for a separate cause of action, but is merely an element of damage flowing from the death, and is derivative." *Harris County v. White,* 823 S.W.2d 385, 388 (Tex.App.—Texarkana 1992, no writ). "An exception applies where a person qualifies for recovery as a bystander, as

when he witnesses the injury or death of a loved one and thus suffers his own, personal injury in the form of shock and mental anguish. In that case, his injury is not derivative but direct, and he may qualify as an injured person within the meaning of the Tort Claims Act." *Id.; see also City of Austin*, 693 S.W.2d at 34. Consequently, Margarita's and Vanessa's bystander claims and monetary awards were direct, not derivative nor subject to Edgar's monetary cap on recovery.

The City's respective points of error are overruled.

*Medical Expenses Incurred by a Minor*

■ Next, we address the point of error assigned by the Martinez family. They contend that the trial court erred in finding that the TTCA does not authorize the parents of minor children to recover for past medical expenses. In its amended final judgment, the trial court found that the "Texas Torts Claims Act does not allow the parents to recover these sums."

The Martinez family contends that their cause of action for past medical expenses of their minor children is expressly authorized by section 101.003 of the TTCA, which provides: "[t]he remedies authorized by this chapter are in addition to any other legal remedies." TEX. CIV. PRAC. & REM.CODE ANN. § 101.003 (Vernon 1997). We interpret this provision as allowing other legal remedies outside the TTCA, not creating additional remedies within the TTCA which would permit a minor to recover more than the statutory cap of $250,-000. *See generally Thomas v. Oldham*, 895 S.W.2d 352, 362 (Tex.1995) (Gammage, J., dissenting).

■ Nevertheless, parents do possess a cause of action to recover medical expenses incurred by their minor children. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983); *Kennedy v. Missouri Pacific R. Co.*, 778 S.W.2d 552, 555 (Tex.App.-Beaumont 1989, writ denied); *Kennedy v. Kennedy*, 505 S.W.2d 393, 397 (Tex.Civ.App.-

Austin 1974, no writ). The record in this case shows that a "claim for medical expenses incurred on behalf of [Edgar and Vanessa]" was included in Margarita's and Jose's fifth amended petition. The record also shows that a proper jury instruction was submitted to the jury, which asked: "[w]hat sum of money, if paid now in cash, would fairly and reasonably compensate Margarita Martinez and Jose Martinez for the medical care, if any, for their children ... as a result of the occurrence in question?" The jury answered this question by awarding $106,000 for Edgar's past medical expenses and $2,018 for Vanessa's past medical expenses.

In its amended final judgment, the trial court awarded Edgar the total sum of $250,000, the maximum amount of damages available to him under the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.023(c) (Vernon 1997). Consequently, no additional damages are available for recovery as the result of Edgar's personal injuries caused by the City's negligence. On the other hand, Vanessa was awarded the sum of $2,910.27 to compensate her for her physical pain, mental anguish, and physical impairment. The trial court found that the additional $2,018 awarded by the jury to Vanessa's parents for medical expenses was impermissible under Texas law. We disagree. Vanessa's individual monetary award was below the statutory cap. *See id.* Her parents were entitled, therefore, to recover damages from the City for Vanessa's past medical expenses. *See Sax*, 648 S.W.2d at 661. Thus, we modify the trial court's amended final judgment by reinstating the jury's award of $2,018 to Margarita and Jose for Vanessa's past medical expenses.

Point of error sustained in part and overruled in part.

*Hospital Lien*

■ Hermann Hospital, the intervenor in this suit, contends that the trial court erred in not enforcing its lien against the judgment entered in favor of Edgar.

Hermann Hospital possessed a valid lien for necessary and reasonable medical expenses of $58,748.96 for its treatment of Edgar. In its amended final judgment, the trial court found that Hermann Hospital's lien did not attach to any recovery of the Martinez family. We glean from the record in this case that the trial court did not enforce the lien because Edgar's past medical expenses were not included in the monetary damages awarded to the Martinez family.

Section 55.002 of the Property Code provides that "[a] hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person." TEX. PROP.CODE ANN. § 55.002(a) (Vernon 1995). The Property Code also provides that the lien attaches to "a cause of action for damages arising from an injury for which the injured individual is admitted to the hospital." TEX. PROP.CODE ANN. § 55.003(a) (Vernon 1995). "The purpose of a hospital lien statute is to provide hospitals an additional method of securing payment for medical services, thus encouraging the prompt and adequate treatment of accident victims." *Bashara v. Baptist Memorial Hosp. System*, 685 S.W.2d 307, 309 (Tex.1985). Nowhere in the language of the hospital lien statute does it distinguish between recovery for "medical expenses" and any other kind of monetary recovery awarded for injuries caused by an accident that is attributed to the negligence of another person. The only statutory limitations placed upon a hospital lien are procedural filing requirements and reasonableness of the amount charged. *See* TEX. PROP.CODE ANN. §§ 55.004–.005 (Vernon 1995). Neither of these issues are before this Court.

The clear language of the statute compels this court to conclude that a hospital lien attaches to *any* claim brought by the injured person which is attributed to the negligence of another. Accordingly, we sustain Hermann Hospital's point of error, modify Edgar's award to $191,-251.04, and award $58,748.96 to Hermann Hospital to satisfy its lien.

Except as modified, the judgment is affirmed.