PRAIRIE VIEW A & M UNIVERSITY, Appellant,

v.

Sharlotte THOMAS, Appellee.

No. B14–84–355–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1984.

Jim Mattox, Atty. Gen., Charles S. Black, Jr., Asst. Atty. Gen., Austin, for appellant.

Harold Lloyd; Law offices of Harold Lloyd, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a damages award of $100,000.

On the night of November 28, 1976, appellee fell into an excavation near a sidewalk on appellant's campus, where she was a student. She was severely burned by steam pipes and standing water at the bottom of the hole. Appellee brought suit under the Texas Tort Claims Act alleging that appellant, an agency of the State of Texas, was negligent in warning of the existence of the hole or making it safe. The jury returned a verdict finding that appellant breached a duty of ordinary care to appellee with respect to warnings, lights, signs, and covers around the hole, and assessed damages against appellant. We affirm.

Appellant presents two points of error. In the first, it alleges the trial court had no jurisdiction to hear this cause because appellee failed to offer proof of permission to sue the State. Appellant admits that appellee properly pled permission to sue the State under the general law grant of the Texas Tort Claims Act, TEX.REV.CIV. STAT.ANN. art. 6252–19 § 4, but argues appellee should have offered the statute into evidence to prove the statutory grant of authority. We disagree.

The authority granted by a state statute is jurisdictional, as a state cannot be sued without its consent. *Hansen v. Blackmon*, 169 S.W.2d 955, 957 (Tex.Civ. App.—El Paso 1942), *aff'd*, 140 Tex. 536, 169 S.W.2d 962 (1943); *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423, 424 (1936). Consent to sue the State may be obtained through legislative action only, either through general law, resolution or bill. *Contran Corp. v. Bullock*, 567 S.W.2d 616, 617 (Tex.Civ.App.—Austin 1978, no writ). A Court of Appeals is required to take judicial notice of the public laws of the state. *Addison v. Addison*, 530 S.W.2d 920, 921 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). We hold that the judgment correctly recognized that appellee had the legal right to sue the State since the court would have been without jurisdiction to hear the case if consent granted by Art. 6252–19 § 4 had been lacking. *See Hansen v. Blackmon*, 169 S.W.2d at 957. Appellant's first point of error is overruled.

In its second point of error, appellant claims the trial court erred in submitting the liability issues to the jury under a standard of ordinary care rather than under that owed by a licensor to a licensee. Section 18(b) of Art. 6259–19 sets forth the standard of care owed by the government when premise defects are involved. It is the same duty owed by private persons to licensees on private property unless payment has been made by the claimant for use of the premises or the defect is classified as a "special" defect. A licensor must avoid injuring a licensee by willful, wanton or grossly negligent conduct; however, when the licensor has actual knowledge of a dangerous condition and the licensee does not, the licensor's duty is to warn the licensee or make the condition reasonably safe. *Lower Neches Valley Authority*, 536 S.W.2d 561, 563 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974). The difference between the burden in this situation and one where a special defect exists is

that the State must warn of a special defect even if it has only constructive knowledge of it. *Miranda v. State,* 591 S.W.2d 568, 570 (Tex.App.—El Paso, no writ). *See, County of Harris v. Eaton,* 573 S.W.2d 177, 179–180 (Tex.1978).

█ In the instant case, the trial court granted appellee's motion that it hold as a matter of law that appellant had actual notice of the excavation where the incident occurred as the evidence demonstrates that appellant created the condition and under the Texas Tort Claims Act is deemed to have actual notice of the defect. Further, evidence presented by appellee was to the effect that she had no knowledge that a hole or any defect existed there and that there were no barricades or warnings of any kind around it. We hold, therefore, that an exception to the licensor-licensee standard of care was created, and appellant's duty was to warn appellee, as well as other students, or make the condition reasonably safe. The trial court correctly submitted the liability issue under the standard of ordinary care. Thus it is not necessary for us to determine whether the excavation into which appellee fell was a special defect within the meaning of § 18(b) of art. 6259–19. Appellant's second point of error is overruled.

We affirm the judgment of the trial court.