**CEDA CORPORATION, Appellant,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 01–90–01064–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 1991.

Rehearing Denied Nov. 21, 1991.

Thomas A. Adams, Katy, for appellant.

Monroe Lanthrop, Sr. Asst. City Atty., Eleanor C. Barnes, Houston, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

CEDA Corporation appeals the trial court's finding that the City of Houston's (the City's) action, brought in Mary Burton's name, against CEDA for violation of the Texas Deceptive Trade Practices Act (DTPA)[1] was not groundless, brought in bad faith, or brought for harassment. In addition, CEDA appeals the trial court's judgment non obstante veredicto that the City did not tortiously interfere with CEDA's business venture. We affirm.

CEDA was formed by John Nance and Frank Davis in the latter part of 1979 to participate in a United States Government Housing and Urban Development (HUD) program called the Community Development Block Grant. Under the program, governmental largess was used to hire contractors to rehabilitate inner-City housing. In Houston, the disbursement of funds to contractors was supervised by the City. To participate in the program, contractors were required to obtain certification from the City's Community Development Division. Once qualified, a contractor could place bids with the City for housing rehabilitation assignments.

CEDA obtained the proper certification, and completed approximately 45 assignments for the City. This suit arose from one of those assignments. On March 17, 1982, CEDA placed a bid to do home improvements on Mary Burton's home. The bid amount was $15,000, the maximum allowed under the program. After completing performance on the rehabilitation contract, the house was inspected by City employees. James Schmidt, a City structural inspector, signed off on the building permit card indicating that the structural aspect of the work done by CEDA met the requirements of the City's building code. Carl Irving performed a final inspection on Burton's home and executed a certificate of final completion. Certification was also obtained from Burton stating that she was satisfied with the work done on her home. CEDA received final payment for its work in August 1982.

In 1984, the City became aware that some contractors, working on the rehabilitation project had done substandard work. After consulting with HUD, Ollie Key, a City Public Works Department employee, drafted City of Houston Ordinance 84660. Under the ordinance, the City was permitted to use Community Development Block Grant funds to restore those homes that were found to have been badly repaired, or not repaired at all. Moreover, the ordinance required that those homeowners whose homes had been substandardly repaired pursue litigation, with the help of Gulf Coast Legal Foundation, to recoup the funds spent to do the second repairs.

Key contacted Burton on February 29, 1984. As a result of that contact, Key determined that Burton's home should be

1. See TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987).

reinspected. After reinspection, Key determined that the house had structural, electrical, and plumbing defects that CEDA should have repaired. Thereafter, the City commenced re-repair of the Burton house. In addition, the City compelled Burton to seek legal action against CEDA. Burton was put in contact with Judith L. Johnson of Gulf Coast Legal Foundation. Pursuant to the Texas Deceptive Trade Practices Act, Johnson sent CEDA a letter demanding restitution of the money spent to re-repair the Burton house. Suit against CEDA was filed on December 5, 1985, alleging in part CEDA violated the DTPA. Burton assigned her interest in the suit to the City. CEDA answered and counter-claimed, alleging that the DTPA action was groundless, brought in bad faith, and brought for the purpose of harassment only.

During this period, the City and Gulf Coast Legal Foundation sent information to HUD that a lawsuit had been filed against CEDA. Consequently, CEDA was no longer permitted to participate in the program. CEDA later amended its counterclaim to include the City as a cross-defendant, and to allege that the City's communications to HUD constituted tortious interference with its business. Thereafter, Burton sought, and obtained a dismissal of her action against all defendants. Trial then went forward on CEDA's cross-claim against the City.

The trial court held that the litigation was neither groundless, nor brought in bad faith, and that it was not brought for the purpose of harassment. Interrogatories were then submitted to the jury. The jury found that a business relationship existed between CEDA and HUD (question 1); there was a reasonable probability that a future business relationship would exist between CEDA and HUD (question 2); the City had actual notice of the business relationship (question 3); the City had notice of the probability of a future relationship (question 4); the City tortiously interfered with both the present and future business relationship between CEDA and HUD (question 7); and the City's tortious interference was the proximate cause of damages to CEDA (question 10). Thereafter, at a post verdict hearing, the trial court set aside the findings of the jury and granted judgment for the City that CEDA take nothing.

## I. DID THE TRIAL COURT ERR IN NOT AWARDING CEDA LEGAL FEES AND COSTS?

In its first point of error, CEDA asserts that the trial court erred in finding that the DTPA cause of action brought by the City, in Burton's name, was neither groundless nor brought in bad faith.

■ Where the trial court finds that an action under the DTPA was groundless and brought in bad faith, or brought for the purposes of harassment, the trial court is required to award the defendant reasonable legal fees and court costs. TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1987); *Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 637 (Tex.1989). "Groundless" under the DTPA has the same meaning as "groundless" under rule 13 of the Texas Rules of Civil Procedure: "[N]o basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Donwerth,* 775 S.W.2d at 637. We shall not disturb the trial court's finding on this issue unless we determine that the trial court abused its discretion. *Id.* at 637 n. 3.

■ In support of its assertion that the action was groundless, CEDA points to Burton's testimony that she was very satisfied with the work done by CEDA on her home. CEDA also points our attention to the testimony elicited from City inspectors that they had found CEDA's work to be satisfactory, and had approved it so CEDA could receive payment. However, we note that the City introduced evidence that upon reinspection it was discovered that CEDA had not performed its contract in a workmanlike manner. Specifically, exhibits were admitted into evidence, without objection, that indicated numerous defects existed in the plumbing and electrical work done by CEDA. Because there is some evidence to support the trial court's determination

that the action was not groundless, appellant's first point of error is overruled.

## II. DID THE TRIAL COURT ERR IN ENTERING JUDGMENT N.O.V.?

### A. STANDARD OF REVIEW

■ A trial court may disregard a jury's finding on a question only if it has no support in the evidence, it is rendered immaterial by other findings, or there is no legal basis to support the finding. *Harris County v. McFerren*, 788 S.W.2d 76, 79 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

### B. ARE THE JURY'S FINDINGS UNSUPPORTED BY THE EVIDENCE, RENDERED IMMATERIAL BY OTHER FINDINGS, OR HAVE NO LEGAL BASIS FOR SUPPORT?

Because the trial court's judgment does not express why judgment n.o.v. was granted, CEDA has fashioned its points of error two through nine to attack the reasoning asserted in the City's motion to disregard and set aside the jury findings. In its second point of error, CEDA asserts that the trial court erred in disregarding the jury findings, if it did so on the basis that the communications between the City and HUD were privileged.

■ A privilege to communicate may either be absolute or conditional. *Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 768 (Tex.1987). A conditional privilege is defeated when it is abused (such as making defamatory statements one knows to be false). *Id.* Absolute privilege confers immunity regardless of motive. *Id.* Absolute immunity attaches in those situations that involve the administration of the functions of the branches of government. *Id.*

■ In the present case, the evidence demonstrates that the City's communication to HUD concerning the pending litigation against CEDA was transmitted pursuant to the United States Code of Federal Regulations, title 24. We note that the stated policy justification for the regulation is to assist HUD to achieve its goal "of a decent home and suitable living environ-ment for every American family," by insuring that HUD does business with only those "contractors and grantees which can demonstrate that Government funds will be properly utilized." 24 C.F.R. § 24.0 (1985). In other words, HUD wants to ensure that governmental largess is used for its intended purpose. Because the City administers the HUD funds, it is incumbent on it to ensure that no funds are misused. To do so effectively, the City must be allowed to report its findings to HUD with impunity. *See Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 113, 166 S.W.2d 909, 913 (1942) (absolute privilege is founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury that may result to a particular individual).

■ Alternatively, CEDA asserts that the City's claim of absolute immunity is an affirmative defense, and has been waived. We note that a qualified privilege is an affirmative defense, which must both be pled and proved. *Little v. Bryce*, 733 S.W.2d 937 (Tex.App.—Houston [1st Dist.] 1987, no writ). However, absolute privilege is not a defense. *Reagan*, 140 Tex. at 113, 166 S.W.2d at 913. Rather, absolutely privileged communications are not actionable. *Id.; Duncantell v. Universal Life Ins. Co.*, 446 S.W.2d 934, 936, (Tex.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

Because a finding that the communications between the City and HUD were absolutely privileged renders the jury's findings immaterial, CEDA's second point of error is overruled. Similarly, appellant's remaining points of error (three through nine) regarding the judgment n.o.v. need not be discussed.

■ In CEDA's tenth point of error, CEDA complains that the trial court erred in disallowing testimony from two of its witnesses. Appellant was prohibited from calling Thomas A. Adams, III, who would have testified to the reasonableness of appellant's legal fees, and Dennis Guiffre, who would have testified concerning the economic damages to appellant due to the City's communications to HUD. Because

we have determined that the trial court did not err and judgment n.o.v. was proper, this point of error is moot. Point of error 10 is overruled.

 In its eleventh point of error, CEDA contends that the trial court erred in disallowing its fourth amended counterclaim. In this point of error, CEDA asserts that its third amended counterclaim, broadly construed, is sufficient to support all jury findings. CEDA asks us to examine this point of error if we determine that it could not receive a favorable jury finding on one or more issues due to pleading defects.

In refusing to allow CEDA to amend its counterclaim a fourth time, the trial court concluded that the third amended counterclaim gave the City sufficient notice that CEDA was seeking recovery for the City's tortious interference with a contract. We concur. The bar against recovery in this case does not arise from how the allegations were pled, but with the basis of the allegation. In both the third and the fourth counterclaims, CEDA alleges that it was harmed by the City's communication to HUD. Those communications were absolutely privileged. Point of error 11 is overruled.

The trial court's judgment is affirmed.