Opinion issued May 5, 2005







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01247-CV




EVERETT BOUDREAUX & ALFRETTA BOUDREAUX, Appellants

V.

DOUGLAS CULVER, Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 01-CV-0566




MEMORANDUM OPINION
          Appellee Douglas Culver sued appellants Everett Boudreaux and Alfretta
Boudreaux for flooding his property, alleging negligence and a violation of the Texas
Water Code. A jury found: (1) the Boudreauxs diverted the natural flow of surface
water in a manner that damaged Culver’s property; (2) the Boudreauxs were seventy
percent negligent and Culver was thirty percent negligent for the flooding of Culver’s
property; and (3) the Boudreauxs continue to threaten irreparable injury to Culver’s
property. The jury awarded Culver $13,707 for the cost of repairs due to the
flooding, and $5,000 for a loss of market value. The trial court granted Culver’s
motion to disregard the jury findings with respect to the issue of Culver’s own
negligence, and awarded him a total of $18,707 in damages. The trial court’s final
judgment also adopts a drainage plan that Culver attached to a post-trial motion, and
orders the Boudreauxs to implement the plan. 
          In this appeal, the Boudreauxs contend: (1) they are entitled to a take-nothing
judgment; (2) the trial court erred in its definition of “surface water”; (3) the trial
court abused its discretion by disregarding the jury’s findings with respect to Culver’s
contributory negligence; (4) the trial court abused its discretion in granting Culver
damages for both temporary and permanent injuries; and (5) the trial court erred in
granting a permanent injunction. We reverse the judgment and remand the cause.The Facts
          Culver owns a one-half acre tract of land in Texas City, Galveston County,
Texas, that he purchased in 1978. From 1979 until 1998, Culver made improvements
to his property, including additions and renovations to the existing building. He also
created additional parking lots, and moved his business onto the property. In 1997,
the Boudreauxs purchased a rectangular seven-acre tract of land adjacent to Culver’s
property, on Culver’s southern boundary. 
          Before, surface water naturally drained in a southwesterly direction across the
Culver’s property to the Boudreaux’s property. From November 2000 through July
2001, the Boudreauxs added landfill dirt to their entire tract, raising it two to three
feet in areas, and shaping the entire tract to resemble a crown. As a result of the fill
dirt, most of the surface water no longer drained in a southwesterly direction, but
instead flowed onto Culver’s property. 
          In June 2000, during tropical storm Allison, five to seven inches of rain fell in
Texas City. The rainfall flooded Culver’s property, and between eight and fourteen
inches of water sloshed inside his building. As a consequence, Culver sued the
Boudreauxs, seeking to recover repair costs, loss of market value, and permanent
injunctive relief. Legal Sufficiency of the Evidence
          In their first issue, the Boudreauxs claim that they are entitled to a take-
nothing judgment as a matter of law, and as such, we should reverse and render 
judgment in their favor. We construe this as a challenge to the legal sufficiency of
the evidence to support the jury’s finding of negligence. Culver responds that the
Boudreauxs failed to properly preserve this issue for appeal, and it is therefore
waived. 
          An attack based on the legal sufficiency of evidence supporting a jury finding
may be preserved for appeal in any of five ways: (1) an objection to the charge; (2) a
motion for directed verdict; (3) a motion to disregard the finding; (4) a motion for
judgment notwithstanding the verdict; or (5) a motion for new trial. Cecil v. Smith,
804 S.W.2d 509, 510-11 (Tex. 1991) (citing Aero Energy, Inc. v. Circle C Drilling
Co., 699 S.W.2d 821, 822 (Tex. 1985)). The Boudreauxs failed to properly preserve
their no-evidence complaint for appeal. They did not object to the jury submission
on the basis that no evidence exists to support the submission, nor did they file a
motion for directed verdict, a motion for judgment notwithstanding the verdict, a
motion to disregard the jury’s findings, or a motion for new trial. We therefore
conclude that the Boudreauxs waived any legal sufficiency complaint.Definition of Surface Water in the Jury Charge
          The Boudreauxs contend that the trial court erred in overruling their objection
to the definition of surface water in the jury charge. The trial court instructed the
jury: “‘Surface water’ means water which is spread over the ground from falling rains,
and continues to be such until it reaches some bed or channel in which water is
accustomed to flow.” The Boudreauxs contend that this definition should have
included further language that Culver’s estate was not required “to receive those
waters, except in a natural condition untouched by human hands.” Culver responds
that the Boudreauxs waived their complaint by refusing to submit their desired
instruction in writing to the trial court as required by Texas Rule of Civil Procedure
278. 
          Rule 278 is not applicable to these facts. See Tex. R. Civ. P. 278. Rule 278
governs the failure to submit a requested definition, while this case involves an
included, but allegedly defective definition. Id. It is Texas Rule of Civil Procedure
274 that governs this case. 
          Under Rule 274, to preserve error that a given definition is defective, the party
who is not relying upon the definition need only object specifically–the rule does not
require a party to tender substantially correct language. Tex. R. Civ. P. 274; see First
Valley Bank of Los Fresnos v. Martin, 144 S.W.3d 466, 475 (Tex. 2004)
(Wainwright, J., concurring); see also Spencer v. Eagle Star Ins. Co. of Am., 876
S.W.2d 154, 157 (Tex. 1994); Angelina Cas. Co. v. Holt, 362 S.W.2d 99, 101 (Tex.
1962) (“[W]here the court gives a definition which is defective, an objection by the
opposite party is sufficient to preserve his rights, and it is not necessary for him to
tender a correct definition.”). A party objecting to the charge must point out
distinctly the objectionable matter and the grounds for the objection. Tex. R. Civ. P.
274. 
          Here, the record indicates that the Boudreauxs properly objected to the
definition, and verbally requested that the trial court include the “untouched by
human hands” language to the definition of surface water, and that the trial court
overruled their objection. The Boudreauxs therefore properly preserved their
complaint for this appeal.  
          Customarily, we would next determine whether the definition of surface water
included in the jury’s instructions is in fact defective, and, if so, whether such error
is harmful. In their brief, however, the Boudreauxs expressly waive any relief that
would require us to remand this case for a new trial. If legally sufficient evidence
supports the submission of a cause of action, then the proper relief for a defective jury
charge is a new trial. See Spencer, 876 S.W.2d at 157 (holding that if trial court
submits defective instruction as to theory of liability, remedy is new trial as opposed
to judgment notwithstanding verdict, if legally sufficient evidence supports new trial).
As the Boudreauxs waive any complaint as to the legal sufficiency of the evidence,
we do not reach the jury instruction issue because any finding of error only could
afford a new trial–relief that the Boudreauxs expressly disavow in their briefing to
this Court.
Disregarding the Jury’s Findings
          The Boudreauxs further contend that the trial court erred in granting Culver’s
motion to disregard the jury’s findings with respect to his contributory negligence of
thirty percent. In answers to submitted questions two and three, the jury found the
flooding of Culver’s property “was proximately caused” by the negligence of both
Culver and the Boudreauxs. The jury assessed negligence at thirty percent to Culver
and seventy percent to the Boudreauxs. Culver moved to disregard the jury’s findings
that he was proportionately responsible for the flooding to his property. The trial
court granted Culver’s motion and incorporated its order into a final judgment.           To sustain the trial court’s action in granting a motion to disregard the jury’s
answer to a specific question, an appeals court must determine that no evidence exists
upon which the jury could have made the finding. Harris County v. McFerren, 788
S.W.2d 76, 78 (Tex. App.—Houston [1st Dist.] 1990, writ denied); see also Brown
v. Bank of Galveston, 963 S.W.2d 511, 513 (Tex. 1998); Williams v. Briscoe, 137
S.W.3d 120, 124 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In acting on a
motion to disregard a jury answer, we consider only the evidence and reasonable
inferences that support the jury’s answers. Briscoe, 137 S.W.3d at 124 (citing Best
v. Ryan Auto Group, Inc., 786 S.W.2d 670, 671 (Tex. 1990)). We consider the
evidence in the light most favorable to the party against whom the motion is sought,
and we indulge every reasonable inference from the evidence in that party’s favor. 
See id.; see also New Process Steel Corp. v. Steel Corp of Tex., 703 S.W.2d 209, 216
(Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.). 
          A trial court may disregard a jury finding on a question only if it has no support
in the evidence, or if it is rendered immaterial by other findings. Tex. R. Civ. P. 301;
see also McFerrren, 788 S.W.2d at 78. If more than a scintilla of competent evidence
exists to support a jury’s findings, then this court should reverse the judgment
disregarding the jury’s answer. Briscoe, 137 S.W.3d at 124. 
          To support their position, the Boudreauxs refer to Culver’s testimony and that
of their own expert, Norman Lee Cooper. Culver responds that no evidence exists to
demonstrate that his own improvements contributed to the flooding of his property. 
Culver testified that he made improvements, including the addition of a building and
a concrete parking lot. He further testified that the city supervised this work and
informed him of the type of drainage he needed for the new parking lot. Pursuant to
the city’s recommendations, he added drains to the concrete culverts and shaped the
land to ensure proper drainage away from the front door of his building. Culver
concedes that he did not consult with anyone else but the city about potential drainage
problems associated with the new building and concrete parking lot. 
          Cooper, a civil engineer, testified that Culver’s additions and improvements 
greatly increased the impermeable area on his property. As a result, the ground could
not absorb as much water, and the water flows at a higher rate of speed. He also
testified that Culver’s actions altered the normal flow of water from his land. 
          Considering the evidence in the light most favorable to the Boudreauxs, we
conclude that the jury reasonably could have inferred that Culver’s improvements
contributed somewhat to the flooding of his property, and thus, the trial court erred
in disregarding the jury’s findings with respect to Culver’s negligence. Monetary Damages
          The Boudreauxs also allege that the judgment gives Culver a double recovery
in awarding monetary damages for both temporary and permanent injuries. They
contend that Culver should not receive compensation for both the cost of repair and
the diminution in the market value of their property, and therefore we should disallow
one of the recoveries. Culver responds that the Boudreauxs failed to properly
preserve this complaint for appeal. 
          We agree that the Boudreauxs’ complaint regarding monetary damages is not
properly preserved. The Texas Rules of Appellate Procedure require that, in order for
an issue to be preserved for appeal, there must be a timely and specific objection. 
Tex. R. App. P. 33.1(a). The Boudreauxs failed to file a motion for new trial or bring
forth any objection to the jury’s award of damages for both cost of repair and loss of
market value. The only post-judgment motion the Boudreauxs filed was a response
to Culver’s motion to disregard the jury’s findings and to enter a permanent
injunction. In that response, the Boudreauxs objected to a judgment notwithstanding
the verdict with respect to Culver’s negligence and to the issuance of a permanent
injunction, but they did not raise the double recovery issue. We conclude that the
Boudreauxs failed to preserve for appeal this complaint about the damages awarded. 
We therefore overrule their issue. 
Permanent Injunction
          In their final issue, the Boudreauxs claim that the trial court erred in granting
a permanent injunction because the judgment awards monetary relief for temporary
and permanent injuries. We agree. 
          A permanent injunction issues only if a party does not have an adequate
remedy at law. Schneider Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264, 284 (Tex.
2004); see also Town of Palm Valley v. Johnson, 87 S.W.3d 110, 111 (Tex. 2001)
(per curiam). If a legal remedy exists–normally monetary damages–then a party
cannot also obtain an injunction addressing the same harm. Schneider, 147 S.W.3d
at 284. Accordingly, awarding both an injunction and damages as to future effects
constitutes a double recovery. Id. Texas law does not permit double recovery. 
Parkway Co. v. Woodruff, 901 S.W.2d 434, 441 (Tex. 1995); see also S. County Mut.
Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 173-74 (Tex. 1988). 
          Here, the trial court awarded monetary damages for the repair costs and future
diminution in market value in accord with the jury’s findings. The jury granted
Culver’s requested legal remedy for damages attributable to the flooding, and thus he
cannot also receive a permanent injunction, because it also addresses the injury due
to the flooding, by requiring a drainage control plan. See Parkway Co., 901 S.W.2d
at 441. Thus, the money damages and the injunction address the same injury. The
two remedies together, under these facts, constitute a double recovery. 
          In addition, no evidence exists to support the permanent injunction, and Culver
did not seek jury findings in support of an injunction beyond a finding of threat of
irreparable injury. The record indicates that Culver never introduced the drainage
plan into evidence, either at trial or at the post-trial injunction hearing. Instead, after
the trial court granted his motion for a permanent injunction, Culver sent a copy of
a proposed drainage plan to the Boudreauxs for their approval. After rejecting the
plan, the Boudreauxs filed a motion requesting an injunction hearing, in which they
attached Culver’s proposed plan. Further, the trial court did not allow post-trial
testimony by Culver’s expert regarding his proposed drainage plan. The trial court
thus had no evidentiary basis for the issuance of a permanent injunction ordering the
implementation of Culver’s proposed drainage plan that was never introduced into
evidence. See, e.g., Wilson v. Wilson, 132 S.W.3d 533, 538-39 & n.3 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied) (holding that testimony from earlier
temporary injunction hearing, not offered at default judgment hearing, must be
offered into evidence to be considered as evidence in support of final affirmative
relief). 
 

Conclusion
          We hold that: (1) the Boudreauxs failed to preserve their legal sufficiency and
damages issues for appeal; (2) given legally sufficient evidence, a new trial is the
remedy for a materially defective jury definition, and the Boudreauxs affirmatively
waived this form of relief in their appellate briefing; (3) the trial court erred in
disregarding the jury’s finding that Culver was thirty percent responsible for the
flooding; and (4) the trial court erred in granting Culver both a permanent injunction
and monetary damages, because they address the same injury, and the record contains
legally insufficient evidence to support the injunction that the trial court granted. We
therefore reverse the trial court’s judgment and remand this cause to the trial court for
the limited purpose of entering monetary judgment on the jury’s verdict.       
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.