

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00369-CV

---

CHRISTOPHER HOSKINS                                    APPELLANT

V.

PERRY FUCHS                                            APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-280594-15

----------

## DISSENTING OPINION

----------

## I. INTRODUCTION

I respectfully dissent. Appellee Perry Fuchs's defamation suit against Appellant Christopher Hoskins is based solely on statements made by Hoskins in an Equal Opportunity Services (EOS) complaint that Hoskins filed with the

University of Texas at Arlington (UTA).[1]  Because Hoskins's statements in his EOS complaint are absolutely privileged, the trial court erred by denying Hoskins's motion to dismiss under the Texas Citizens Participation Act (TCPA).

## II. HOSKINS'S COMMUNICATION IS ABSOLUTELY PRIVILEGED

An absolutely privileged communication is one for which, by reason of the occasion upon which it was made, no remedy exists in a civil action for libel or slander.  *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942).  This is true even if the communication was false and made or published with express malice.  *Id.*; *Perdue, Brackett, Flores, Utt & Burns v. Linebarger, Goggan, Blair, Sampson & Meeks, L.L.P.*, 291 S.W.3d 448, 451 (Tex. App.—Fort Worth 2009, no pet.).

In Texas, an absolute privilege attaches to communications made during quasi-judicial proceedings and in other limited instances in which the benefit of the communication to the general public outweighs the potential harm to an individual.  *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 655 (Tex. 2015); *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994); *see also Reagan*, 166 S.W.2d at 913 ("The rule is one of public policy.  It is founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual.").  Two requirements must be

---

[1]Both Fuchs's original and amended petitions allege the statements made by Hoskins in the EOS complaint filed with UTA as the sole factual basis for his defamation claim against Hoskins.

met for the absolute privilege to apply: (1) the governmental entity must have the authority to investigate and decide the issue—that is, it must exercise quasi-judicial power; and (2) the communication must relate to a pending or proposed quasi-judicial proceeding. *Perdue*, 291 S.W.3d at 452; *see also Attaya v. Shoukfeh*, 962 S.W.2d 237, 239 (Tex. App.—Amarillo 1998, pet. denied) ("The absolute privilege is intended to protect the integrity of the process itself and to insure that the decision-making body gets the information it needs.").

Communications made in a report filed with a proper governmental entity having the authority to determine the issues raised in the report in a quasi-judicial proceeding satisfy this two-pronged test and are absolutely privileged. *See, e.g.*, *Writt*, 464 S.W.3d at 659–60 (holding Shell's alleged defamatory statements about Writt made in a report filed by Shell with the Department of Justice regarding possible violations of the Foreign Corrupt Practices Act were absolutely privileged); *Aransas Harbor Terminal Ry. Co. v. Taber*, 235 S.W. 841, 842–43 (Tex. 1921) (holding allegedly libelous statements in a letter to the Texas Railroad Commission that was written in response to a complaint filed before the Commission were absolutely privileged); *Watson v. Hardman*, 497 S.W.3d 601, 608–09 (Tex. App.—Dallas 2016, no pet.) (holding alleged defamatory statements made in a rule 202 petition were absolutely privileged); *Crain v. Smith*, 22 S.W.3d 58, 60–61 (Tex. App.—Corpus Christi 2000, no pet.) (holding allegedly defamatory statements made to the Unauthorized Practice of Law Committee through its members or chairperson were absolutely privileged). As

3

explained by section 587 of the Restatement (Second) of Torts, which Texas has adopted,[2]

> A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

Restatement (Second) of Torts § 587 (Am. Law Inst. 1977). The reasoning behind this doctrine is to promote the public policy of complete and unbridled development of evidence in the settlement of disputes without fear of reprisals. *James*, 637 S.W.2d at 916–17. This absolute privilege applies to any statements, affidavits, and pleadings in a quasi-judicial proceeding. *See id.*

Communications subject to an absolute privilege cannot constitute the basis of a civil action. *Reagan*, 166 S.W.2d at 912. Consequently, when the absolute privilege applies to a communication, it functions as an immunity, not a defense. *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 768 (Tex. 1987) (recognizing absolute privilege functions as "immunity" because it is based on the actor's status, not his motivation); *see Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999) ("We are convinced that Texas law regards its privilege for communications made in the context of judicial, quasi-judicial, or legislative proceedings as a complete immunity from suit, not a mere defense to liability."); *CEDA Corp. v. City of Houston*, 817 S.W.2d 846, 849 (Tex. App.—Houston [1st

---

[2]*See James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (adopting section 587 of the Restatement (Second) of Torts).

4

Dist.] 1991, writ denied) ("[A]bsolute privilege is not a defense. Rather, absolutely privileged communications are not actionable.").

Whether an alleged defamatory communication is related to a proposed or existing judicial or quasi-judicial proceeding, and is therefore absolutely privileged, is a question of law to be determined by the court. *See, e.g.*, *Perdue*, 291 S.W.3d at 453; *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 27–28 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). When deciding the issue, the court is to consider the entire communication in its context and to extend the privilege to any statement that bears some relation to an existing or proposed judicial or quasi-judicial proceeding. *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.).

Here, the pleadings, the supporting and opposing affidavits, and the evidence before the trial court[3] establish that the alleged defamatory communication is contained in a form EOS complaint that Hoskins completed and filed with UTA. No other defamatory communication is pleaded. The pleadings and the evidence before the trial court establish that UTA is the governmental entity possessing the authority to investigate and decide the issue alleged in the EOS complaint—Fuchs's alleged violation of UTA's consensual relations policy. In fact, Fuchs's response to Hoskins's motion to dismiss

---

[3]*See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (West 2015) (providing that in determining whether a legal action should be dismissed under the TCPA, the trial court shall consider the pleadings and supporting affidavits).

5

attaches a "Summary of Complaint Investigation" issued by UTA showing that UTA did in fact investigate and dispose of Hoskins's EOS complaint. And finally, the pleadings and evidence before the trial court establish that Hoskins's EOS complaint related to a quasi-judicial proceeding by UTA. Consequently, as a matter of law, the alleged defamatory statements in Hoskins's EOS complaint are absolutely privileged and cannot constitute the basis for Fuchs's civil defamation action. *See, e.g.*, *Writt*, 464 S.W.3d at 659–60; *Hurlbut*, 749 S.W.2d at 768; *Reagan*, 166 S.W.2d at 912; *Taber*, 235 S.W. at 841; *Watson*, 497 S.W.3d at 608–09; *Crain*, 22 S.W.3d at 60–61; *CEDA Corp.,* 817 S.W.2d at 849.

### III. THE TCPA MANDATES DISMISSAL OF A DEFAMATION ACTION THAT IS BASED SOLELY ON AN ABSOLUTELY PRIVILEGED COMMUNICATION

An appellate court reviews the trial court's denial of an appellant's motion to dismiss de novo*. Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *disapproved on other grounds by In re Lipsky*, 460 S.W.3d 579, 587–88 (Tex. 2015) (orig. proceeding). The appellate court makes an independent determination and applies the same standard used by the trial court. *Id.* Application of this standard is a "two-step process." *Lipsky*, 460 S.W.3d at 586. Thus, this court must first determine whether Hoskins established by a preponderance of the evidence that Fuchs's legal action is "based on, relates to, or is in response to [Hoskins's] exercise of . . . the right to petition." *See* Tex. Civ. Prac. & Rem. Code § 27.005(b) (West 2015). If Hoskins demonstrated that Fuchs's legal action implicates Hoskins's

6

right to petition, the second step shifts the burden to Fuchs to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *See id.* § 27.005(c); *Lipsky*, 460 S.W.3d at 587.

The pleadings, controverting affidavits, and evidence established that Fuchs's defamation action against Hoskins is based on Hoskins's exercise of his right to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(vi), (B), (C) (West 2015) (defining right to petition as including, respectively, a communication pertaining to a proceeding before a managing board of an educational institution supported from public revenue, a communication in connection with an issue under consideration by a governmental body or official proceeding, and a communication encouraging review of an issue by a governmental body in an official proceeding); § 27.001(8) (defining official proceeding as including any type of administrative proceeding conducted before a public servant). The pleadings, affidavits, and evidence, establish that Hoskins's allegedly defamatory communication—which was made in the handwritten form EOS complaint that he completed and filed with UTA—was a communication expressly falling within the TCPA's definition of the right to petition.

The burden therefore shifted to Fuchs to present clear and specific evidence establishing a prima facie case for each essential element of his defamation claim against Hoskins. The words "clear" and "specific" in the context of the TCPA have been interpreted respectively to mean, for the former,

7

"'unambiguous,' 'sure,' or 'free from doubt'" and, for the latter, "'explicit' or 'relating to a particular named thing.'" *Lipsky*, 460 S.W.3d at 590. A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* Prima facie evidence "is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. . . . In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Rehak*, 404 S.W.3d at 726 (citation omitted).

Here, Fuchs's evidence—that Hoskins defamed him in an EOS complaint filed with his employer, UTA—does not constitute evidence that is unambiguous, sure, or free from doubt sufficient to establish proof of an actionable defamatory communication. *See Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013) ("If the statement is not reasonably capable of a defamatory meaning, the statement is not defamatory as a matter of law and the claim fails."); *D Magazine Partners, L.P. v. Rosenthal*, 475 S.W.3d 470, 484–85 (Tex. App.—Dallas 2015, pet. granted) (holding plaintiff/nonmovant under TCPA had burden of establishing prima facie case for each element of defamation claim, including establishing prima facie case of lack of privilege); *see also Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, at *5 (Tex. App.—Tyler Oct. 5, 2016, no pet.) (mem. op.) (holding nonmovant did not meet TCPA's burden of presenting clear and specific evidence establishing prima facie case for element of defamation requiring defamatory statement because as a matter of law, statement was an

8

opinion, which was not actionable as a matter of law). That is, even in the absence of evidence to the contrary, Fuchs cannot recover on his defamation claim against Hoskins because, as set forth above, the pleadings, controverting affidavits, and evidence establish that Hoskins's allegedly defamatory communication in the EOS complaint is absolutely privileged and is therefore not actionable as a matter of law. When an alleged defamatory communication is not actionable as a matter of law for whatever reason—because it is an opinion, because it is not reasonably capable of a defamatory meaning, or because it is absolutely privileged—a trial court errs by not granting a defendant's TCPA motion to dismiss the legal action based on that communication. *See Rose*, 2016 WL 5800263, at *5 (holding dismissal required under TCPA where nonmovant did not present clear and specific evidence establishing prima facie case for element of defamation requiring defamatory statement because as a matter of law, statement was an opinion, which was not actionable as a matter of law).

Section 27.011 of the TCPA explains that "[t]his chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions" and declares that "[t]his chapter shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.011 (West 2015). The TCPA's declared purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in

9

government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002 (West 2015); *Lipsky*, 460 S.W.3d at 589 ("The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights."). Because Hoskins's allegedly defamatory communication made in the EOS complaint that he filed with UTA is absolutely privileged and is not actionable as a matter of law, Fuchs's defamation lawsuit serves only to chill the First Amendment right to petition. And because the absolute privilege attached to Hoskins's allegedly defamatory communication in the EOS complaint filed with UTA is in the nature of an immunity from suit and makes the alleged defamatory statement inactionable as a matter of law, the trial court erred by not granting Hoskins's motion to dismiss. *See Shanks*, 169 F.3d at 993 (characterizing absolute privilege that attaches to allegedly defamatory communications in quasi-judicial proceeding as immunity from suit); *see also In re De Mino*, No. 2001-64436, 2003 WL 25318133 (157th Dist. Ct., Harris County, Tex. May 23, 2003, order) (dismissing professor's retaliatory lawsuit filed against student for want of jurisdiction based on immunity from suit when lawsuit was based on student's good faith report of sexual harassment filed with university).

An interpretation of the TCPA that would uphold the denial of a dismissal motion when the alleged defamatory communication is inactionable as a matter of law would thwart the legislature's declared purpose for enacting the TCPA and would render section 27.011—providing that the TCPA does not lessen any

10

immunity available at common law—a nullity.  *See* Tex. Gov't Code Ann. § 311.023 (West 2013) (instructing that statutes should not be construed to render portions a nullity).  The legislature could not have intended such a result, especially given the express, stated purpose of the TCPA.  *See In re Derzapf,* 219 S.W.3d 327, 332 (Tex. 2007) (orig. proceeding).

## IV. CONCLUSION

I would hold that Hoskins's allegedly defamatory communication in his EOS complaint is absolutely privileged; that such communication cannot form the basis of a defamation suit as a matter of law; and that, therefore, Fuchs failed to meet his burden under the TCPA of presenting clear and specific evidence establishing a prima facie case of an actionable defamatory communication. Accordingly, I would sustain Hoskins's first issue, and I would reverse the trial court's judgment and render judgment dismissing Fuchs's defamation suit against Hoskins.  I would also sustain Hoskins's second issue and remand this case to the trial court for a determination of costs, attorney's fees, and other expenses as authorized by the TCPA.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a) (West 2015).  Because the majority opinion does not, I dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED:  December 22, 2016

11